IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
PEGGY JEWEL BRONSON,            )
                                )
    Debtor.                     )    Bankruptcy No. 03-04491
------------------------------
SHERYL L. SCHNITTJER,           )
TRUSTEE,                        )
                                )    Adversary No. 04-9033
    Plaintiff,                  )
                                )
vs.                             )
                                )
JAMES ADAMS                     )
CASSANDRA ADAMS,                )
                                )
    Defendants.                 )
```

**RULING RE: DEFENDANTS' MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT**

The above-captioned matter came on for telephonic hearing on July 23, 2004 on Defendants James and Cassandra Adams' Motion to Dismiss or, In the Alternative, For Summary Judgment. Trustee Sheryl Schnittjer was represented by Attorney Brian Fagan. Defendants were heard pro se. After argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**STATEMENT OF THE CASE**

Trustee filed a complaint to recover transfers made by Debtor to Defendants within one year of Debtor's bankruptcy petition pursuant to 11 U.S.C. § 547(b). Defendants ask this Court to dismiss the complaint, or in the alternative, to award summary judgment in their favor. Defendants assert that Trustee's admission of Debtor's lack of insolvency on the dates of the transfers necessitates an award of summary judgment in their favor.

**STATEMENT OF FACT**

Debtor Peggy Jewel Bronson ("Debtor") filed a voluntary Chapter 7 bankruptcy petition on November 25, 2003. On December 28, 2002, Debtor borrowed $10,000 from her cousin James Adams and his wife Cassandra Adams ("Defendants"). There is no dispute regarding the fact that Defendants are "insiders" within the meaning of 11 U.S.C. § 101(31)(A). In exchange for receipt of the loan, Debtor executed a promissory note in favor of Defendants in the amount of $10,000. The note was executed at the time the loan was made, and provided for repayment of the principal amortized over 3 years at 5% interest and payable in monthly installments of no less than $300. Debtor subsequently made three payments on the note totaling $1,800: $300 on Feb. 14, 2003; $600 on April 3, 2003; and $900 on June 9, 2003, all less than one year prior to filing bankruptcy. Debtor did not list these payments on her Statement of Financial Affairs filed with the bankruptcy petition. On Schedule F of Debtor's petition, she erroneously listed the amount of her remaining debt to James Adams as $8,500.

On January 17, 2004, Trustee sent a letter to Defendants requesting that they turn over $1,500 in payments received from Debtor. This amount was derived from the erroneously listed amount on Schedule F of Debtor's petition. In response to Trustee's request, Defendants voluntarily furnished Trustee with the dates and amounts of payments they received from Debtor in a letter dated January 24, 2004. Trustee filed a Complaint to Recover Transfer on February 17, 2003, requesting that the Court direct Defendants to account for all payments received from Debtor and enter judgment against Defendants in the amount of $1,800.

**CONCLUSIONS OF LAW**

**Motion to Dismiss**

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is a notice pleading standard. To satisfy the Rule 12(b)(6) standard, a plaintiff must make a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957).

2

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would demonstrate an entitlement to relief.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 163-65 (1993); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).  When analyzing dismissal under Rule 12(b)(6), the factual allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff.  Springdale Educ., 133 F.3d at 651.  At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  Id.  A motion to dismiss will be granted only if no set of facts would entitle the plaintiff to relief.  Conley, 355 U.S. at 45-47; McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 (8th Cir. 1996).

**Summary Judgment**

It is axiomatic that summary judgment may only be granted when there are no facts in controversy.  The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care."  Wabun-Inini v. Sessions, 900 F.2d 1234, 1238 (8th Cir. 1990).  In considering a motion for summary judgment, the Court must determine whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  In re Cochrane, 124 F.3d 978, 981-82 (8th Cir. 1997).  The moving party has the burden of showing that there is no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).

**Elements of a §547(b) Preference Claim**

A trustee may avoid a preferential transfer when an interest in property of the debtor is transferred: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt; (3) while the debtor is insolvent; (4) within 90 days preceding commencement of the case or between 90 days and one year if the transferee was an insider; and (5) where the creditor receives a greater benefit than it would have received under the distribution provisions of the Bankruptcy Code.  11 U.S.C. § 547(b); In re Mason, 189 B.R. 932, 935 (Bankr. N.D. Iowa 1995).  The burden of proof is on the

trustee.  11 U.S.C. § 547(g).  An insider includes a relative of the debtor.  11 U.S.C. § 101(31)(A).

There is a presumption of insolvency in the 90 days directly preceding bankruptcy.  11 U.S.C. § 547(f).  Beyond the 90 day period, the party seeking to avoid the preferential transfer must supply proof of a debtor's insolvency.  In re Cochard, 157 B.R. 449, 451 (Bankr. E.D. Mo. 1993).  The relevant date for proof of insolvency is the time of the transfer, not the time of the petition.  11 U.S.C. § 547(b)(3).  Under bankruptcy law, balance-sheet solvency determines whether payments to creditors are avoidable.  In re Taxman Clothing Co., 905 F.2d 166, 170 (7th Cir. 1990).  A traditional balance sheet test of insolvency is set out in § 101(32)(A), which requires a determination of whether debts are greater than assets, at fair valuation, exclusive of exempt property.  In re Koubourlis, 869 F.2d 1319, 1321 (9th Cir. 1989).

Transfers that are a substantially contemporaneous exchange for new value, or are made in the ordinary course of business may not be avoided under §547(b).  11 U.S.C. § 547(c)(1), (2).  Under §547(c)(1), a transfer is not avoidable where the parties intended the payment to be a contemporaneous exchange for new value, and the transfer was in fact a substantially contemporaneous exchange.  In re Mason, 189 B.R. 932, 936 (Bankr. N.D. Iowa 1995).  In addition, a trustee may not avoid a transfer under § 547(b) that was (1) in payment of a debt incurred in the ordinary course of business of both parties, (2) made in the ordinary course of business of both parties, and (3) made according to ordinary business terms.  Id.  The creditor has the burden of proving either defense under § 547(c).  11 U.S.C. § 547(g).

The "ordinary course of business" determination requires a peculiarly factual analysis.  Lovett v. St. Johnsbury Trucking, 931 F.2d 494, 497 (8th Cir. 1991).  The "cornerstone" of this defense is that the creditor needs to demonstrate some consistency with other business transactions between the debtor and the creditor.  Id.  This exception to avoidability is intended to protect recurring, customary credit transactions.  In re Keller Tool Corp., 151 B.R. 912, 914 (Bankr. E.D. Mo. 1993).

4

**Effect of Admissions Under Rule 36**

Federal Rule of Civil Procedure 36, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7036, provides that "a party may serve upon any other party a written request for the admission, for purposes of the pending action only." Under Rule 36, each matter of which an admission is requested is deemed admitted unless denied within 30 days after service of the request. Fed. R. Civ. P. 36(a). "Any matter admitted under this rule is conclusively established <u>unless the court on motion</u> permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b) [Emphasis added]. Due to the fact that any matter admitted is conclusively established, summary judgment may be granted on the basis of requests for admissions if the facts as admitted are dispositive. <u>In re Larson</u>, 169 B.R. 945, 954 (Bankr. D.N.D. 1994); <u>Moosman v. Joseph P. Blitz, Inc.</u>, 358 F.2d 686, 688 (2d Cir. 1966).

A court may permit amendment or withdrawal of an admission "when the presentation of the merits of the action will be subserved thereby" and the party requesting the admission is not prejudiced thereby. Fed. R. Civ. P. 36(b). A court has the discretion to permit the amendment or withdrawal of an admission irrespective of whether or not a formal motion has been filed. <u>Larson</u>, 169 B.R. at 954. A court exercises its discretion under Rule 36(b) by considering the effect upon the litigation and prejudice to the resisting party. <u>F.D.I.C. v. Prusia</u>, 18 F.3d 637, 640 (8th Cir. 1994). The effort expended in preparing a motion for summary judgment based on an erroneous admission does not constitute prejudice. <u>Id.</u> The party receiving the admission has the burden of proving that they would be prejudiced by amendment to or withdrawal of the admission. <u>Id.</u>; <u>see also</u> <u>In re Dietz</u>, No. 95-2158KD, slip op. at 2-3 (Bankr. N.D. Iowa March 4, 1996)(Kilburg, J.) (allowing debtor to withdraw prior deemed admission where plaintiff did not sustain burden of showing prejudice to plaintiff or to the litigation). Permitting amendment of responses is in the interests of justice if the record demonstrates that the "admitted" facts are contrary to the actual facts. <u>F.D.I.C</u>, 18 F.3d at 641.

5

**ANALYSIS**

**Motion to Dismiss**

Defendants argue that Trustee's use of the term "alleged" preceding "debt" and "creditor" renders the complaint "unpleaded" because the Bankruptcy Code refers only to "actual" debts and creditors. There is no merit to this argument. The complaint is sufficient to put the Defendants on notice of the nature of and grounds for Trustee's complaint. Rule 12(b)(6) does not require absolute precision. It is likely that Trustee referred to the debt and Defendant creditors as "alleged" because Trustee filed an objection to Defendants' proof of claim on the same day that the complaint was filed, thus calling into question the legitimacy of the debt and Defendants' status as creditors. Such language does not render the complaint unpleaded.

**Summary Judgment on the § 547(b) Preference Claim**

Defendants and Trustee agree that Defendants are creditors of Debtor, and that the transfers occurred within one year of the petition date. It is also undisputed that Defendants are insiders within the meaning of §101(31)(A), and thus the relevant preference period extends to one year preceding petition. In her Pretrial Statement, Trustee stated that she expected there to be dispute as to whether Defendants improved their position within the meaning of § 547(b)(5), but Defendants did not directly respond to this element, so Defendants' position on this element is unclear.

The principal element in dispute is whether Debtor was insolvent on the dates of the transfers. Defendants contend that Trustee has failed to prove that Debtor was insolvent at the time of the transfers, an essential element to the preference claim. Defendants further contend that Debtor's disorganized financial records render determination of insolvency on the relevant dates impossible. Trustee mistakenly alleges that she is entitled to the presumption of insolvency. Trustee further alleges that Debtor was insolvent on October 16, 2003, and continued to be insolvent until the petition date on November 25, 2003. However, insolvency at petition is irrelevant. Trustee must show that Debtor was insolvent at the time of the <u>transfers</u>.

In Item 28 of Plaintiff's Response to Defendants' Statement of Material Facts As to Which There is No Material Dispute, Trustee admits that her insolvency analyses for the transfer dates do not reveal that Debtor was insolvent, and that Trustee relies "primarily on the presumption of insolvency." This admission is grounds to grant Defendants the relief that they request, because there is no genuine issue of material fact since both parties agree that one of the essential elements of a § 547(b) preference claim is missing.

Defendants raise two defenses under § 547(c). First, Defendants argue that they provided $10,000 in "new value" within the preference period. Defendants misapprehend the function of § 547(c)(1). Defendants did loan money to Debtor within the preference period, which added value to the estate, but that loan is an antecedent debt (i.e., incurred prior to the date of payments) and is irrelevant to the preference issue. The transfers at issue are from Debtor to Defendants, not Defendants to Debtor. When Debtor transferred the $1,800 in payments to Defendants, Debtor did not receive anything in return (new value) at the same (substantially contemporaneous) time. Therefore, Defendants' assertion of a § 547(c)(1) defense is without merit.

Defendants' second defense invokes § 547(c)(2), under which they claim that they regularly lend money to relatives and that as such, the loan to Debtor was in the ordinary course of their financial affairs. In order to avail themselves of this defense, Defendants must establish that they have an established business relationship with Debtor, and that they are in the business of lending money. Defendants contend that they have previously lent money to other family members in an attempt to show a pattern of business activity. However, the transactions between Defendants and Debtor do not fit particularly well within the common understanding of "ordinary business". In addition, Defendants do not show a pattern of prior transactions or an established relationship between themselves and this Debtor.

### SUMMARY

Defendants' motion to dismiss is denied, as it is without merit. Defendants' motion for summary judgment is granted, as there is no dispute that a material element of a preference is lacking, based on Trustee's admission that her insolvency

analyses do not reveal that Debtor was insolvent on the dates of the transfers in question. Plaintiff was aware for a substantial period of time that the Request for Admissions Response No. 28 would be a critical component of this hearing. Bankruptcy Rule 7036 and Federal Rule 36 provide a procedure for modifying a response. As of the time of hearing and as of the time of ruling, no such motion has been filed. The Court must conclude that Plaintiff intends to stand by its filed response. The answer, as filed, is dispositive and compels the Court to conclude that Plaintiff cannot establish a critical element of its claim and the summary judgment motion must be granted.

**WHEREFORE**, for the reasons set out herein, the Motion to Dismiss is DENIED.

**FURTHER**, for the reasons set out herein, the Motion for Summary Judgment is GRANTED and the case is DISMISSED.

**SO ORDERED** this 29th day of July, 2004.

_____
PAUL J. KILBURG
Chief Bankruptcy Judge